UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN P. HUNT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRIAN WILLIAMS, et al.,<br><br>　　　　　Respondents. | Case No. 3:13-cv-00040-MMD-WGC<br><br>ORDER |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 5), respondents' motion to dismiss (dkt. no. 22), petitioner's opposition (dkt. no. 37), and respondents' reply (dkt. no. 38). The Court finds that part of two grounds for relief are not exhausted, and the Court grants the motion in part.

Pursuant to a plea agreement, petitioner pleaded guilty in state court to burglary and theft. Petitioner did not appeal the judgment of conviction. Petitioner filed a post-conviction habeas corpus petition in the state district court. That Court held an evidentiary hearing, and it denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed.

Petitioner then commenced this action. The Court noted that ground 1 is not addressable in federal habeas corpus, but its order (dkt. no. 4) did not contain a paragraph that actually dismissed the ground. The Court will do so in this order.

Respondents argue that parts of grounds 2, 3, and 4 are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must

exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

In grounds 2, 3, and 4, petitioner claims in part that his guilty plea was involuntary. Respondents argue that petitioner presented no such claim to the Nevada Supreme Court. Petitioner's fast-track statement in his state habeas corpus appeal did mention that his guilty plea was involuntary, but he presented no facts or argument. See Ex. 127, at 16-18 (dkt. no. 30). However, the state district court explained at length why petitioner's guilty plea was voluntary. The state district court determined that petitioner entered his guilty plea knowingly, voluntarily, and intelligently. Ex. 97, at 4-9 (dkt. no. 29). The Nevada Supreme Court affirmed that determination. Ex. 149, at 2 (dkt. no. 31). Even if petitioner did not present to the Nevada Supreme Court a claim that his plea was involuntary, that court's consideration of the issue effectively exhausted it. *Sandgathe v. Maass*, 314 F.3d 371, 376-77 (9th Cir. 2002).

Ground 2 is a claim that counsel provided ineffective assistance because counsel never discussed with petitioner the elements of unlawful acts regarding computers, the concept of response costs that can raise a crime from a misdemeanor to a felony, and whether the state suffered any harm from petitioner's unauthorized installation of tracking applications on state computers. Respondents argue that petitioner did not present many facts in ground 2 to the Nevada Supreme Court. Most of the facts do not fundamentally alter the claim, and thus would not cause ground 2 to be unexhausted. See *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Petitioner admits that two parts of ground 2 are not exhausted: First, that counsel did not research whether computer files are considered "property" within the meaning of the relevant statutes, and, second, that counsel did not notice that the prosecution lacked a restitution dollar amount because the prosecution had not shown that any

property was taken. Petitioner will need to inform the court what he wishes to do with these unexhausted parts of ground 2.

Ground 4 is a claim that counsel provided ineffective assistance because counsel did not file a motion to suppress evidence obtained from searches. After reviewing the petition, the briefs presented in state court, and the state court decisions, the court concludes that most of ground 4 has been exhausted in state court. One part of ground 4 is not exhausted. Petitioner alleges that on September 18, 2008, when petitioner was in jail, officers went through his wallet and found a security access control card. Petitioner never presented this fact to the state courts. The finding of the card is distinct from the other facts alleged in ground 4, which concern the search of petitioner's house, and it fundamentally alters ground 4. Petitioner will need to inform the Court what he wishes to do with this unexhausted part of ground 4.

Respondents argue that to the extent that ground 4 raises a claim that the Fourth Amendment was violated, it is barred. The Court agrees. First, petitioner had a full and fair opportunity to litigate the Fourth Amendment issue in state court, and thus he cannot raise it in federal court. *Stone v. Powell*, 428 U.S. 465 (1976). It does not matter that petitioner pleaded guilty before litigating the issue; what matters is that petitioner had the opportunity. Second, the Fourth Amendment claim occurred before petitioner pleaded guilty, and the plea bars consideration of the claim. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). If and when the court requires respondents to file an answer, they need not answer the Fourth Amendment claims in this ground. They need only answer petitioner's claims that counsel provided ineffective assistance because counsel did not file a motion to suppress. The ineffective-assistance claim is distinct from the underlying claim of a Fourth Amendment violation. *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

Respondents also argue that grounds 2, 3, and 4 are conclusory. The Court disagrees. To the extent that those claims are exhausted, they were sufficient for the state district court to hold an evidentiary hearing on them. Petitioner has alleged

sufficient facts, the state district court has issued a detailed order, and the Nevada Supreme Court has affirmed the state district court. This Court will be able to determine whether the state-court decision satisfies the deferential standard of review in 28 U.S.C. § 2254(d).

The petition (dkt. no. 5) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted parts of grounds 2 and 4, and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 2 and 4, or he may move to stay this action while he returns to state court to exhaust grounds 2 and 4. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

It is therefore ordered that respondents' motion to dismiss (dkt. no. 22) is granted in part. The parts of grounds 2 and 4 described above are unexhausted.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss the unexhausted parts of grounds 2 and 4 of his petition (dkt. no. 5), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his petition (dkt. no. 5) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 2 and 4 of his petition (dkt. no. 5), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 2 and 4 of his petition (dkt. no. 5). Failure to comply will result in the dismissal of this action.

It is further ordered that if petitioner elects to dismiss the aforementioned grounds of his petition (dkt. no. 5) and proceed on the remaining grounds, respondents shall file

and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

It is further ordered that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

It is further ordered that ground 1 of the petition (dkt. no. 5) is dismissed.

DATED THIS 17th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE