1
2
3
4
5
6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *

9    BRIAN P. HUNT,                              Case No. 3:13-cv-00040-MMD-WGC
                                    Petitioner,
10               v.                                              ORDER

11   BRIAN WILLIAMS, et al.,

12                                 Respondents.

13

14          Before the Court are petitioner's motion for stay and abeyance (dkt. no. 40),

15   respondents' opposition (dkt. no. 43), and petitioner's reply (dkt. no. 41). Also before the

16   Court is respondents' motion to file late pleading (dkt. no. 42). Although respondents

17   had timely served their opposition (dkt. no. 43) upon petitioner, they did not file it in time.

18   Petitioner not having suffered any prejudice — he filed a timely reply — the Court grants

19   respondents' motion. The Court finds that petitioner has not shown good cause for the

20   failure to exhaust his available state court remedies, and the Court denies petitioner's

21   motion.

22          The Court had found two items in ground 2 and one item in ground 4 to be

23   unexhausted. To obtain a stay, petitioner must show that he has "good cause for his

24   failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

25   indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v.*

26   *Weber*, 544 U.S. 269, 278 (2005).

27          Petitioner's arguments for good cause are that, at the time his state habeas

28   corpus petition was written, he was in prison with minimal access to the prison's

1
2
3
4
5
6

law library, and his counsel, Richard Cornell, wrote the petition. Representation by counsel eliminates the need to inquire into petitioner's status as a prisoner. Ineffective assistance by post-conviction counsel can be good cause for the failure to exhaust the grounds. *Blake v. Baker*, 745 F.3d 977 (9th Cir.), *cert. denied* 135 S. Ct. 128 (2014). Effective counsel need not raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

7
8
9
10

The first item in ground 2 that was unexhausted was a claim that trial counsel failed to investigate whether computer files are "property" within the meaning of NRS § 205.4765(6)(a). Section 205.4765(1)-(5) defines various computer crimes and classifies them as misdemeanors, but § 205.4765(6) provides:

11

If the violation of any provision of this section:

12
13

(a)    Was committed to devise or execute a scheme to defraud or illegally obtain property;

14

(b)    Caused response costs, loss, injury or other damage in excess of $500; or

15
16

(c)    Caused an interruption or impairment of a public service, including, without limitation, a governmental operation, a system of public communication or transportation or a supply of water, gas or electricity,

17
18

the person is guilty of a category C felony and shall be punished as provided in NRS 193.130, and may be further punished by a fine of not more than $100,000. In addition to any other penalty, the court shall order the person to pay restitution.

19
20
21

Section 205.4765(6) is one of the possible intended felonies underlying burglary, NRS § 205.060, one of the two crimes (the other being theft) for which petitioner was convicted pursuant to a guilty plea agreement.

22
23
24
25
26

To the extent that NRS § 205.4765(6) was the underlying intended felony, that crime was not elevated to a felony because of a scheme to illegally obtain property. It was elevated to a crime because the response costs exceeded $500. In the state habeas corpus proceedings, petitioner failed to prove that the response costs were $500 or less.[1] Exh. 97, at 14 (dkt. no. 29). Raising the issue of whether computer files

27
28

---

[1]In post-conviction proceedings, petitioner has the burden of proof.

are property ultimately would have given petitioner no relief, because the response costs still would have been sufficient to make the intended crime a felony. Post-conviction counsel reasonably could have determined that the issue of property was not one worth raising. Petitioner has not shown good cause to excuse the failure to exhaust this item in ground 2.

The second item in ground 2 that was unexhausted was that trial counsel failed to notice that the prosecution had not specified a dollar amount for restitution in the charging document. However, the guilty plea agreement informed petitioner that he would need to make restitution. Exh. 21, at 4 (dkt. no. 24). The amount of restitution is something that is determined in the pre-sentence investigation. Apparently, there was some error in the pre-sentence investigation, and before the sentencing hearing the parties stipulated to the correct amount. Exh. 22, at 2-3 (dkt. no. 24). Given that the problem had been solved, post-conviction counsel reasonably could have concluded that this issue had little probability of success. Petitioner has not shown good cause to excuse the failure to exhaust this item in ground 2.

The surviving part of ground 4 is a claim that trial counsel provided ineffective assistance because trial counsel did not file a motion to suppress.[2] There were two searches at issue. The exhausted claim concerned evidence found in petitioner's house pursuant to a warranted search. The unexhausted claim concerned a key card found in petitioner's wallet after he was arrested and booked into jail. At the state-court evidentiary hearing, trial counsel testified that he had considered filing a motion to suppress, that he would have used the preliminary hearing to develop the facts for the motion, and that he would have filed the motion in the state district court if the justice court had bound the case over after the preliminary hearing. Exh. 87, at 86-89 (dkt. no. 28). However, the prosecution had presented petitioner with a plea offer that would have expired with the case going to a preliminary hearing. *Id.* Post-conviction counsel

---

[2]To the extent that ground 4 contained a claim of a violation of the Fourth Amendment, the court dismissed it. Order, at 3 (dkt. no. 39).

1  appealed the denial of the petition with respect to the search of petitioner's house. Post-
2  conviction counsel did not mention on appeal the key card found in petitioner's wallet at
3  the jail.[3] Post-conviction counsel reasonably could have decided not to raise on appeal
4  the issue of the key card found in petitioner's wallet. First, an inventory search of
5  petitioner's wallet upon his booking does not violate the Fourth Amendment. *Illinois v.*
6  *Lafayette*, 462 U.S. 640 (1983). This places a contest of the search of petitioner's wallet
7  in a weaker position than the search of his house; petitioner would need to prove that
8  the search of his wallet was not done within normal inventory procedures. Second,
9  petitioner did not present any evidence about the search of his wallet at the evidentiary
10 hearing. Counsel could have decided not to obscure the stronger issue of the search of
11 petitioner's house on appeal from the denial of the petition. Petitioner has not shown
12 good cause to excuse the failure to exhaust this item in ground 4.

13      It is therefore ordered that respondents' motion to file late pleading (dkt. no. 42)
14 is granted.

15      It is further ordered that petitioner's motion for stay and abeyance (dkt. no. 40) is
16 denied.

17      It is further ordered that petitioner shall have thirty (30) days from the date of
18 entry of this order to do one of the following:  (1) inform this Court in a sworn declaration
19 that he wishes to dismiss the unexhausted parts of grounds 2 and 4 of his petition (dkt.
20 no. 5), and proceed only on the remaining grounds for relief, or (2) inform this Court in a
21 sworn declaration that he wishes to dismiss his petition (dkt. no. 5) to return to state
22 court to exhaust his state remedies with respect to the claims set out in grounds 2 and 4
23 of his petition (dkt. no. 5). If petitioner chooses the second option, the Court makes no
24 statement about whether state law would bar consideration of another state habeas
25 corpus petition, and the Court makes no assurances about the timeliness of a

26

27      [3]The fast-track statement on the habeas corpus appeal does mention key cards,
   but those were key cards found in the search of petitioner's house. Exh. 127, at 12-13
28 (dkt. no. 30).

subsequently filed federal habeas corpus petition. Failure to comply will result in the dismissal of this action.

It is further ordered that if petitioner elects to dismiss the aforementioned grounds of his petition (dkt. no. 5) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

It is further ordered that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED THIS 16th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE